1 | ANTONIO M. LAWSON (SBN 140823)
BRITTANY S. ARMSTRONG (SBN 268260)
2 | Lawson Law Offices
7700 Edgewater Drive
3 | Suite 255
Oakland, CA 94621
4 | Telephone:    (510) 878-7818
Fax:            (510) 878-7006
5 |

6 | Attorney for Plaintiffs.

7 |

8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | OAKLAND DIVISION

12 |

13 | QIYAMAH HAMEED, EUGENA GARDNER, a
minor, by her guardian ad litem, Eugene Gardner;     ) Case No. C11-02971 LB
14 | MINT GARDNER, a minor by her guardian ad litem,
Eugene Gardner
15 | ,

16 |                    Plaintiffs,        STIPULATION RE APPOINTMENT OF
GUARDIAN AD LITEM; ~~[PROPOSED]~~
17 |              vs.                       ORDER THEREON

18 | KOHL'S CORPORATION and DOES 1-15.
.
19 |

20 |                    Defendants.

21 |

22 |

23 |         Whereas the parties recognize and agree that Plaintiffs Eugena Gardner and Mint Gardner are

24 | minors requiring a representative or guardian ad litem to appear in this action on their behalf in

25 | accordance with Federal Rule of Civil Procedure 17(c). Therefore, pursuant to Federal Rule of Civil

26 | Procedure 15(a)(2), the parties hereby stipulate as follows:

27 |

28 |                                        1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION RE APPOINTMENT OF GUARDIAN AD LITEM;
[PROPOSED] ORDER THEREON

1    1)    Plaintiffs shall be granted leave to amend their complaint to appoint Eugene Gardner,

2    father to minor Plaintiffs Eugena Gardner and Mint Gardner as Guardian Ad Litem for

3    Eugena and Mint Gardner.

4    2)    Within ten (10) days of approval of this Stipulation by the Court, The Second Amended

5    Complaint, attached hereto as Exhibit 1, shall be filed by Plaintiffs as the operative

6    complaint in this matter.

7

8

9                                                  LAWSON LAW OFFICES

10

11    Dated: December 22, 2011                        /s/

                                                    Antonio M. Lawson, Esq.

12                                                    Attorney for Plaintiffs

13

14                                             KOHL'S CORPORATION.

15

16

17    Dated: December 22, 2011                        /s/

                                                    Leila Narvid, Esq.

18                                                    Attorney for Defendants

19

20    IT IS SO ORDERED.

21

22    Dated:    January 5, 2011

23

                                             MAGISTRATE OF THE US DISTRICT COURT

24                                           NORTHERN  DISTRICT

25                                           LAUREL BEELER

26

27

28                                   2

STIPULATION RE APPOINTMENT OF GUARDIAN AD LITEM;
[PROPOSED] ORDER THEREON

# Exhibit 1

1  ANTONIO M. LAWSON (SBN 140823)
   BRITTANY S. ARMSTRONG (SBN 268260)
2  Lawson Law Offices
   7700 Edgewater Drive, Suite 255
3  Oakland, CA 94621
   Telephone:    (510) 878-7818
4  Fax:          (510) 878-7006

5  Attorney for Plaintiffs

6

7                    UNITED STATES DISTRICT COURT

8

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           OAKLAND DIVISION

11

12  QIYAMAH HAMEED, EUGENA            )   Case No. 4:11-cv-02971-LB
    GARDNER, a minor, by her guardian ad )
13  litem, Eugene Gardner; MINT GARDNER, )   **SECOND AMENDED COMPLAINT**
    a minor by her guardian ad litem, Eugene )
14  Gardner                           )   **Unruh Civil Rights Act**
                                      )   **Title II of the 1964 Civil Rights Act**
15              Plaintiffs,           )   **False Imprisonment**
                                      )   **Battery**
16  v.                                )   **Illegal Search and Seizure**
                                      )   **Invasion of Privacy**
17  KOHL'S CORPORATION and DOES 1-    )
    15.                               )
18                                    )
                Defendants.           )
19  _____)

20  1.      Comes now, QIYAMAH HAMEED EUGENA GARDNER,  MINT GARDNER AND EUGENE

21  GARDNER. hereinafter referred to as Plaintiffs, and files this action against Kohl's Corporation,

22  hereinafter referred to as Defendants and alleges as follows:

23                              **JURISDICTION**

24  2.      This action arises in the County of Alameda in the state of California.  The damages alleged

25  herein are within the jurisdiction of this court.

26

27
28                                **PARTIES**

COMPLAINT                                                              1

3.     Plaintiff, Qiyamah Hameed, is female and a citizen and resident of the City of Alameda, County of Alameda, State of California.

4.     Plaintiff, Mint Gardner, is a minor female and a citizen and resident of the City of Alameda, County of Alameda, State of California.

5.     Plaintiff, Eugena Gardner, is a minor female and a citizen and resident of the City of Alameda, County of Alameda, State of California.

6.     Plaintiff Eugene Gardner is the parent and Guardian Ad Litem to Mint and Eugena Gardner.

7.     Defendant, Kohl's Inc. is a Milwaukee, WI, corporation, headquartered in Wisconsin, with a Store in Alameda, California.

8.     Defendant, Does 1-15 are the male security guards who participated in the actions and acted on behalf of Kohl's Corporation. Plaintiffs do not know the true names of the two male security guards at this time, but will amend the complaint upon determination of the true names.

## VENUE

9.     The conduct complained of occurred principally in the City and County of Alameda, State of California. Defendant Kohl's Corporation has a store in the City and County of Alameda.

## STATEMENT OF FACTS

10.     Plaintiffs are three young African American girls and one parent acting as Guardian Ad Litem. Plaintiff, Qiyamah Hameed, 18, is a freshman at Howard University in Washington, D.C. Plaintiffs, Mint Gardner and Eugena Gardner, 13 and 11, both attend schools in Alameda, CA. Plaintiff, Qiyamah Hameed, mentors Mint Gardner and Eugena Gardner as part of a community service program through her old high school, The Covent of the Sacred Heart School.

11.     On or about March 9, 2010, Plaintiffs were shopping for clothing and visited Kohl's in Alameda, CA for their once a month outing as part of the mentorship program. While shopping, the girls gathered several items and headed to the dressing room to try on the clothing.

12.     The girls put on several outfits when they noticed a man sitting outside the dressing room watching them while they tried on clothing. The girls decided not to purchase any of the clothing and exited the store.

**COMPLAINT**

2

13.      Once outside the store, the same man that was sitting outside the dressing room approached Plaintiffs and commanded them to come back inside the store for security reasons.  The man appeared to be a Kohl's security guard.  Once inside, the security guard told Plaintiffs to follow a second guard.  With one security guard leading Plaintiffs and another trailing them, Plaintiffs were forcibly escorted through the store past customers and staff to the back of the store.

14.      The security guards took the three young ladies into a back room and closed the door behind them.  The Plaintiffs were detained without the ability to leave.  One guard sat down while the other guard remained standing, hovering over Plaintiffs.  The standing guard began berating Plaintiffs and accusing them of stealing.  The standing guard yelled at Plaintiffs, telling them not to lie to him as he "knew" the girls stole items from that store and that they needed to "confess."  The guards also accused Plaintiffs of having stolen items at Kohl's on prior occasions because the guards recalled seeing the young ladies in the store before.  The guards also accused the young ladies of taking tags off the clothes and throwing them on the ground.  To prove their point, the guards brought clothes into the room claiming the girls had removed the tags.

15.      The girls were frightened by the guards' aggressive behavior and false accusations.  Shocked and nearly in tears they told the guards they had not stolen anything.  The guards however, continued to accuse the girls of stealing items.  The two male guards continued on in this fashion for at least twenty minutes with no other females in the room but the teenage girls.  The guards called a female store clerk in the dressing room to corroborate their claims of theft and continued to accuse the girls of stealing.

16.      One guard took  Qiyamah Hameed's personal bag and then searched through her bag and personal belongings without her approval.  The search of  Qiyamah Hameed's bag revealed no stolen items.  Plaintiffs did not have any Kohl's items in their possession.

17.      The guards asked Qiyamah Hameed if she was eighteen years old and she replied no.  They asked her for some identification.  Qiyamah Hameed searched for her identification, but she could not find it.  The guards then required her to complete a form with her name, address, date of birth and other confidential information.  Finally, after being detained for approximately one hour, the girls were released from the room and told to leave the store and to never return.  The young ladies parents were never called and were never informed of what took place.

**COMPLAINT**

3

## FIRST CAUSE OF ACTION
(AS TO ALL DEFENDANTS)

## UNRUH CIVIL RIGHTS ACT

(Violation of California Civil Code § 51-51.3)

18.     Plaintiffs hereby incorporate by reference paragraphs 1-17.

19.     Plaintiffs Qiyamah Hameed, Mint Gardner and Eugena Gardner were denied the full and equal accommodations, advantages, facilities, privileges or services in Kohl's Department Store.

20.     Plaintiffs were denied the ability to shop freely, to be free from accusations and imprisonment and were moreover denied adequate customer service.  They were accused of stealing clothes that were not found anywhere on them or their property.

21.     Plaintiffs were denied this privileges and services because of their race, African American.

## SECOND CAUSE ACTION
(AS TO ALL DEFENDANTS)

## TITLE II OF 1964 CIVIL RIGHTS ACT

22.     Plaintiffs hereby incorporate by reference paragraphs 1-21.

23.     Plaintiffs Qiyamah Hameed, Mint Gardner and Eugena Gardner were followed out of the store, escorted back into the store with guards in front and behind them, placed in a small room and interrogated because of their race.

24.     Plaintiffs Qiyamah Hameed, Mint Gardner and Eugena Gardner are African American young ladies.

25.     The guards interfered with their enjoyment of a public place by harassing them and embarrassing them regarding stealing items which they had not stolen.  Defendants also informed Plaintiffs that they were forbidden from ever entering the Kohl's store again.

26.     Kohl's Corporation is a public place and its business affects the stream of commerce.

///

///

///

**COMPLAINT**

4

**THIRD CAUSE OF ACTION**
(AS TO ALL DEFENDANTS)

**FALSE IMPRISONMENT**
(Violation of California Penal Code § 236)

27.     Plaintiffs hereby incorporate by reference paragraphs 1-26.

28.     Plaintiffs Qiyamah Hameed, Mint Gardner and Eugena Gardner were made to come back in the store after exiting the store and were forced to sit in a room where they were detained by two security guards.

29.     The Defendants told the girls that they knew the girls had stolen something and that they needed to confess.  The guards continuously accused the girls of stealing items.

30.     The detention and questioning of the young girls lasted about a good hour, which is an unreasonable amount of time.

**FOURTH CAUSE OF ACTION**
(AS TO ALL DEFENDANTS)

**BATTERY**
(Violation of California Penal Code Section 243.4)

31.     Plaintiffs hereby incorporate by reference paragraphs 1-30.

32.     The guards, working on behalf of Kohl's, made Plaintiffs Qiyamah Hameed, Mint Gardner and
Eugena Gardner come back into the store, followed behind them to a room, made them stay in the room and touched Qiyamah's purse while searching through it.

33.     The touching was against the will of Plaintiffs and Plaintiffs felt frightened.

**FIFTH CAUSE ACTION**
(AS TO ALL DEFENDANTS)

**ILLEGAL SEARCH AND SEIZURE**

(Violation of California Constitution and the Fourth Amendment of the U.S. Constitution)

34.     Plaintiffs hereby incorporate by reference paragraphs 1-33.

35.     Defendants illegally seized and searched Plaintiff Qiyamah Hameed's purse.

**COMPLAINT**

5

### SIXTH CAUSE ACTION
(AS TO ALL DEFENDANTS)

### INVASION OF PRIVACY

36.     Plaintiffs hereby incorporate by reference paragraphs 1-35.

37.     The guards stopped Plaintiffs Qiyamah Hameed, Mint Gardner and Eugena Gardner after they left the store and made them walk through the store with a guard in front of them and a guard behind them with several people watching.

38.     This put Plaintiffs in a false light because persons in the store watched them walk through the store with the appearance of being thieves.

### SEVENTH CAUSE ACTION
(AS TO ALL DEFENDANTS)

### BUSINESS AND PROFESSIONS CODE SECTION 17200.

39.     Plaintiffs hereby incorporate by reference paragraphs 1-38.

40.     Defendants actions are in violation of Business and Professions Code Section 17200 as they engaged in unlawful practices by discriminating against Plaintiffs.

### EXEMPLARY DAMAGES ALLEGATIONS

41.     Defendants acted herein alleged with malice, oppression and/or reckless indifference to Plaintiff's protected rights.  As herein alleged, Defendants acts and/or omissions were also reprehensible, fraudulent and in blatant violation of California law, the California Constitution, the   United States Constitution and policy.  Thus, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests the following relief:

1. That Plaintiffs be awarded statutory damages for the unlawful practices of defendants and for emotional and physical distress, humiliation and embarrassment.

**COMPLAINT**

6