UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| QIYAMAH HAMEED, et al. | No. C 11-02971 LB |
| Plaintiffs, | **ORDER REGARDING PETITION FOR APPROVAL OF MINOR'S COMPROMISE** |
| v. | |
| KOHL'S CORPORATION, | [Re: ECF No. 26] |
| Defendant. | |

# I. INTRODUCTION

Plaintiffs Qiyamah Hameed, along with MG and EG (who are minors represented by their *guardian ad litem* Eugene Gardner) (collectively, "Plaintiffs") filed this action against Kohl's Corporation ("Kohl's") for violating Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.3, and several other state laws. Second Amended Complaint ("SAC"), ECF No. 21. During their participation at a settlement conference with a magistrate judge, the parties agreed to settle the lawsuit. Thereafter, Plaintiffs filed the instant petition for this court's approval of compromise with respect to MG and EG's claims. Petition, ECF No. 26. Upon review of it, the court ORDERS the submission of additional information as discussed below.[1]

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the April 19, 2012 hearing.

## II. BACKGROUND

According to the Second Amended Complaint, Plaintiffs were shopping at Kohl's department store in Alameda, California on March 9, 2010. SAC, ECF No. 21 at 2, ¶ 11. They were observed by store security personnel while they were trying on clothes in the dressing rooms. *Id*., ¶ 12. After they finished trying on the clothes and left the store, the security personnel approached them and forcibly escorted them back into the store. *Id*., ¶ 13. The security personnel detained Plaintiffs, and then proceeded to accuse Plaintiffs of stealing clothes and yell at them for approximately one hour. *Id*., ¶ 14. The security personnel searched Ms. Hameed's bag, but they found no stolen items. *Id*., ¶ 16. Eventually, Plaintiffs were allowed to leave the store. *Id*., ¶ 17.

Plaintiffs filed the instant action against Kohl's in state court on March 9, 2011. Complaint, ECF No. 2 at 5. Kohl's removed the action to federal court. Notice of Removal, ECF No. 1. After Kohl's answered Plaintiffs' complaint, the parties participated in a settlement conference with Magistrate Judge Bernard Zimmerman on March 7, 2012. Minute Entry, ECF No. 24. The parties decided to settle the case, subject to court approval of a compromise of MG's and EG's claims. *Id*. Accordingly, Plaintiffs filed a petition for such approval on March 16, 2012. Petition, ECF No. 26.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's

federal claims[2], district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

## III. DISCUSSION

MG and EG, through their *guardian ad litem*, have agreed to settle their claims against Kohl's. The petition for approval of the compromise of their claims states in relevant part:

> Plaintiffs agreed to settle their claims for [$]10,000. Pursuant to a contractual agreement[,] Plaintiffs' Attorneys will receive 25% of the settlement amount. Thus[,] Minors receive [$]2,500.00[.] This amount is for each minor. Thus, the total amount paid to both minors is [$]4,444.66.

Petition, ECF No. 26 at 4-5. The court is unclear how, using the numbers stated, MG and EG, combined, will receive $4,444.66 rather than $5,000. Perhaps there are additional amounts to be considered, and perhaps te court is overlooking something, but on the record presented to it, the court has no way to know this. Thus, as it is currently presented, the court cannot grant the petition. The parties may, however, file an amended petition by April 26, 2012 that more clearly explains the amounts MG and EG are to receive under the settlement.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' petition for this court's approval of minor's compromise is DENIED WITHOUT PREJUDICE. An amended petition shall be filed by April 26, 2012, and the court sets the matter for hearing at 11:00 a.m. on May 2, 2012 in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. That hearing will be vacated if the amended petition is sufficient on its face.

---

[2] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n.2. Plaintiffs brought claims under both federal and state law. Nevertheless, the court will look to the Ninth Circuit's guidance with respect to all of their claims.

C 11-02971
ORDER RE: MINOR'S COMPROMISE

3

1 **IT IS SO ORDERED.**

2 Dated: April 13, 2012



3 _____
LAUREL BEELER
United States Magistrate Judge

C 11-02971
ORDER RE: MINOR'S COMPROMISE

4