UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| QIYAMAH HAMEED, et al.<br><br>　　　　　　Plaintiffs,<br>　　v.<br>KOHL'S CORPORATION,<br>　　　　　　Defendant.<br>_____/ | No. C 11-02971 LB<br><br>**ORDER GRANTING AMENDED PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>[Re: ECF No. 29] |

**I. INTRODUCTION**

Plaintiffs Qiyamah Hameed, along with MG and EG (who are minors represented by their *guardian ad litem* Eugene Gardner) (collectively, "Plaintiffs") filed this action against Kohl's Corporation ("Kohl's") for violating Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.3, and several other state laws. Second Amended Complaint ("SAC"), ECF No. 21.[1] During their participation at a settlement conference with a magistrate judge, the parties agreed to settle the lawsuit. Thereafter, Plaintiffs filed the instant petition for this court's approval of compromise with respect to MG and EG's claims. Amended Petition, ECF No. 29. Upon review of it, the court GRANTS the petition.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the May 2, 2012 hearing date.

## II. BACKGROUND

According to the Second Amended Complaint, Plaintiffs were shopping at Kohl's department store in Alameda, California on March 9, 2010. SAC, ECF No. 21 at 2, ¶ 11. They were observed by store security personnel while they were trying on clothing in the dressing rooms. *Id.*, ¶ 12. After they finished trying on the clothes and left the store, the security personnel approached them and forcibly escorted them back into the store. *Id.*, ¶ 13. The security personnel detained Plaintiffs, and then proceeded to accuse Plaintiffs of stealing clothing and yell at them for approximately one hour. *Id.*, ¶ 14. The security personnel searched Ms. Hameed's bag, but they found no stolen items. *Id.*, ¶ 16. Eventually, Plaintiffs were allowed to leave the store. *Id.*, ¶ 17.

Plaintiffs filed the instant action against Kohl's in state court on March 9, 2011. Complaint, ECF No. 2 at 5. Kohl's removed the action to federal court. Notice of Removal, ECF No. 1. After Kohl's answered Plaintiffs' complaint, the parties participated in a settlement conference with Magistrate Judge Bernard Zimmerman on March 7, 2012. Minute Entry, ECF No. 24. The parties decided to settle the case, subject to court approval of a compromise of MG's and EG's claims. *Id.* Accordingly, Plaintiffs filed an amended petition for such approval on April 18, 2012. Amended Petition, ECF No. 29. The Amended Petition states that the parties entered into an agreement whereby Kohl's will pay $10,000 to Plaintiffs in complete and final settlement of all claims. *Id.* at 4-5. After deducting 25% from the $10,000 (for a total of $2,500) for attorney's fees, Ms. Hameed, MG, and EG will split the remaining $7,500 equally and receive $2,500 each. *Id.*

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims[3], district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

### III. DISCUSSION

MG and EG, through their *guardian ad litem*, have agreed to settle their claims against Kohl's in exchange for $2,500 each. Upon review of the papers submitted, the court finds this amount to be reasonable and the settlement to be in the best interest of all parties. The Court grants Plaintiffs' Amended Petition.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs' Amended Petition for this court's approval of minor's compromise is GRANTED. The court directs the parties to file, by June 28, 2012, either: (1) a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); or (2) a joint status update explaining why a stipulated dismissal has not yet been filed.

**IT IS SO ORDERED.**

Dated: April 18, 2012

LAUREL BEELER
United States Magistrate Judge

---

[3] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n.2. Plaintiffs brought claims under both federal and state law. Nevertheless, the court will look to the Ninth Circuit's guidance with respect to all of their claims.

C 11-02971
3